UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ROBERTO JAVIER ESTRADA

    Plaintiff

vs.

BAPTIST HEALTH SOUTH FLORIDA, INC. d/b/a
BAPTIST HEALTH MIAMI CANCER INSTITUTE,

    Defendant.

_____/

## COMPLAINT

Plaintiff, ROBERTO JAVIER ESTRADA, (hereinafter "Plaintiff"), by and through undersigned counsel, who files this Complaint against Defendant, BAPTIST HEALTH SOUTH FLORIDA, INC. d/b/a BAPTIST HEALTH MIAMI CANCER INSTITUTE ("Defendant"), and in support states as follows:

### JURISDICTION

1. This is an action by the Plaintiff for damages exceeding $500,000 excluding attorneys' fees and costs, resulting from Defendant's violations of the Americans with Disabilities Act of 1990 42 U.S.C. §12111 *et seq.* ("ADA") and Family Medical Leave Act (FMLA).

2. The jurisdiction of the Court over this controversy is based upon the ADA and FMLA.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident in Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for the purposes of the ADA and FMLA.

4. Plaintiff was employed by Defendant, having a place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Venue is proper in Miami-Dade County, Florida, because all of the actions that form the basis of this Complaint occurred within Miami-Dade County, Florida.

6. Plaintiff filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency that is responsible for investigating claims of employment discrimination.

7. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above, together with attorneys' fees, costs, and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff was an employee employed by Defendant from on or about November 12, 2014, as Manager of Clinic and Business Administration until September 16, 2024.

10. Plaintiff's job duties included supervising six departments, managing the surgery coordination department, registration, medical assistants, and several transplant-related departments, among others.

11. Plaintiff's direct supervisor was Maria Suarez, Assistant Vice President.

12. Plaintiff and Ms. Suarez initially maintained a friendly and respectful working relationship.

13. In 2024, Plaintiff's father experienced significant medical problems, including recovery from knee surgery and a stroke. Plaintiff was his father's primary caregiver and assisted with medical appointments and daily care.

14. Plaintiff requested occasional time off in accordance with Defendant's policies to care for his father under the FMLA in 2024.

15. On or about September 12, 2024, Plaintiff formally requested protected medical leave to care for his father, a qualifying reason under the Family and Medical Leave Act (FMLA).

16. Despite this, Maria Suarez repeatedly interfered with Plaintiff's attempts to exercise his FMLA rights. Ms. Suarez told Plaintiff, "You need to make a choice, either your Father or your career," which is when Plaintiff requested a transfer. Plaintiff claims that about two hours after this conversation, Ms. Suarez called Plaintiff back to her office and told Plaintiff that she had already approved the transfer request and wanted to know if Plaintiff knew where Plaintiff was going (other department or entity within Baptist) because the transfer process typically takes between 30-60+ days if you've already been interviewed and accepted another position. Otherwise, it could take 90+ days. Plaintiff told her it had only been 2 hours and needed more time. Ms. Suarez stated she could not wait that long and would take further corrective action if I stayed to transfer. She stated that Plaintiff should be aware of the consequences and that Plaintiff would lose my PTO and benefits if Plaintiff stayed or waited to find a place to transfer. Plaintiff was informed that he would be terminated unless he resigned.  Ms. Suarez then advised Plaintiff to leave on good terms and requested that Plaintiff send Ms. Suarez something in writing with an exact date to abstain from proceeding with corrective action (which would freeze the possibility of transferring, result in the loss of my bonus and benefits), and ultimately end in termination. Ms. Suarez told Plaintiff, "Look at Cindy Byrd. How did she end up?" Cyndy Byrd was the previous director of the department terminated by Ms. Suarez.

17. Ms. Suarez frequently obstructed Plaintiff's requests for time off, insisting that work obligations took priority over his caregiving responsibilities. Ms. Suarez, on several occasions,

would ask Plaintiff to remove his PTO from the calendar on days Plaintiff would request with anticipation because Ms. Suarez needed help. For example, on May 20, 2024, Ms. Suarez called Plaintiff and stated she would need to cancel a meeting with HR about an issue with one of the departments if Plaintiff would not be able to participate and present findings, on a day Plaintiff was off on PTO (requested with weeks of anticipation), knowing Plaintiff was in Key West, Florida. Ms. Suarez told Plaintiff it would be an issue for Ms. Suarez to reschedule and asked Plaintiff to make sure Plaintiff joined through Zoom that afternoon.  Another example was on August 5th, 2024, when Plaintiff's father was hospitalized, and Ms. Suarez demanded that Plaintiff join a meeting with the executive leadership because Plaintiff needed to present findings. Plaintiff had to leave the hospital (across the street from Miami Cancer Institute) to join the meeting and present, cutting off a conversation with his father's neurologist.

18.     Ms. Suarez told Plaintiff, "It's either your father or your job."

19.     Plaintiff never neglected his work duties.

20.     Despite his dedication, Ms. Suarez began assigning Plaintiff additional tasks during times he had already requested off.

21.     Plaintiff was forced to work off the clock to complete the additional assignments and avoid jeopardizing his job.

22.     Within days after submitting Plaintiff's request for protected medical leave, Defendant abruptly terminated Plaintiff on or about September 16, 2024.

23.     The timing of Plaintiff's termination—immediately following his FMLA request— constitutes clear retaliation and a violation of his right to protected medical leave.

24. Defendant's actions also violated the associational provision of the Americans with Disabilities Act (ADA), as the company took adverse employment action against Plaintiff based on his association with a disabled person—his father.

25. Ms. Suarez's repeated comments about Plaintiff's father's illness, and her implication that caring for him interfered with his work performance, demonstrate discriminatory animus based on unfounded assumptions about Plaintiff's caregiving role.

26. Defendant's conduct further shows that Plaintiff was terminated out of discriminatory and retaliatory animus and in retaliation for requesting and attempting to use protected medical leave under the FMLA and the ADA.

27. On or about Thursday, September 12, 2024, Ms. Suarez asked Plaintiff to resign.

28. Ms. Suarez told Plaintiff that he either had to leave voluntarily or she would terminate him. Ms. Suarez pressured Plaintiff to write a resignation letter by the end of the day.

29. Instead, Plaintiff requested a transfer to another department, which he submitted the same day, September 12, 2024, immediately after leaving Ms. Suarez's office. Ms. Suarez approved Plaintiff's transfer request. Two hours later, Ms. Suarez called Plaintiff and asked whether he had already found another job, stating that she wanted him to leave immediately.

30. Ms. Suarez told Plaintiff that the transfer process would take about two months and that she could not wait, so he had to resign or be fired. Plaintiff asked Ms. Suarez to allow him to remain until January 2025 to provide time for a transition, but Ms. Suarez refused.

31. On or about September 16, 2024, less than twenty-four hours later, Ms. Suarez terminated Plaintiff in front of Human Resources.

32. Ms. Suarez falsely claimed that Plaintiff had voluntarily resigned.

33.    As a result of the unlawful termination, Plaintiff lost his job, income, home, car, health insurance, and other possessions that depended on his financial stability.

34.    Throughout Plaintiff's employment, he was able to perform the essential functions of his job duties and responsibilities, and at all relevant times Plaintiff did perform his job at a satisfactory or above-satisfactory level.

35.    Any reason proffered by Plaintiff's employer for the adverse employment actions is a mere pretext for unlawful discrimination.

36.    Plaintiff has retained the undersigned counsel so that his rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I

### *Associational Disability Discrimination in Violation of the ADA*

37.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 of this Complaint as if set out in full herein.

38.    Plaintiff is a member of a protected class under the ADA.

39.    By the conduct described above, Defendant has engaged in discrimination against the Plaintiff because of Plaintiff's close association with a disabled individual and subjected the Plaintiff to disability-based animosity.

40.    Such discrimination was based upon the Plaintiff's association with a disabled individual in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff's family member had a disability.

41.    Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the

basis of Plaintiff's close association with a disabled individual was unlawful but acted in reckless disregard of the law.

42.     At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

43.     Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

44.     As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

45.     The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under Florida and Federal laws.

46.     The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

47.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

     **WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.     Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.      Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.      Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.      Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.      Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.      Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation in Violation of the ADA*

48.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

49.     Defendant is an employer as that term is used under the applicable statutes referenced above.

50.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the ADA.

51.     The foregoing unlawful acts by Defendant were purposeful.

52.      Plaintiff is a member of a protected class because he engaged in a statutorily protected activity and was the victim of retaliation thereafter.  There is a causal connection between the engagement of the statutorily protected activity, Plaintiff's complaints to Defendant, and the adverse employment action taken thereafter.

53.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

54.     These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the ADA, and in addition, order the following additional relief:

A.     Declare that the acts complained of herein are in violation of the ADA.

B.     Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C.     Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D.     Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

E.     Reinstate full fringe benefits and seniority rights to Plaintiff.

F.     Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G.     For a money judgment representing prejudgment interest.

H.     Grant Plaintiff's costs of this action including reasonable attorney's fees.

I.     Grant Plaintiff a trial by jury; and

J.     Grant such other and further relief as the Court deems just and proper.

## COUNT III
### *Hostile Work Environment in Violation of the ADA*

55.    Plaintiff re-adopts each and every factual allegation as stated in 1-36 of this Complaint as if set out in full herein.

56.    Defendant is an employer as that term is used under the applicable statutes referenced above.

57.    The foregoing allegations establish a cause of action for a hostile work environment due to Defendant's actions adversely affecting Plaintiff's under the ADA.

58.    Plaintiff is within a protected class as envisioned by the ADA based on association with an individual with a disability.

59.    The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going work as he continually feared the harassment. Such conduct occurred during each of Plaintiff's workdays (not isolated to a single occurrence), was demonstratively abusive, and altered the conditions as of Plaintiff's employment as he could not complete his duties in a timely and orderly fashion due to the abuse.  Finally, the conditions of Plaintiff's employment were ultimately altered and/or changed when he was ultimately terminated.

60.    Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

61.    As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

62.    These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the ADA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A.  Declare that the acts complained of herein are in violation of the ADA.

B.  Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D.  Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

E.  Reinstate full fringe benefits and seniority rights to Plaintiff.

F.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G.  For a money judgment representing prejudgment interest.

H.  Grant Plaintiff's costs of this action including reasonable attorney's fees.

I.  Grant Plaintiff a trial by jury; and Grant such other and further relief as the Court deems just and proper

**COUNT IV**
*Interference With Rights Under The FMLA*

63.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-36 above as if set out in full herein.

64.  Plaintiff is an individual entitled to protection under the FMLA.

65.  Plaintiff is an employee within the meaning of the FMLA.

66.     Plaintiff was entitled to take protected leave under the FMLA to care for his father, who suffered from serious health conditions within the meaning of the FMLA.

67.     Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights.

68.     Defendant's actions constitute violations of the FMLA.

69.     As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A.     Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights.

B.     Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C.     Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D.     Require Defendant to reinstate Plaintiff to his position at the rate of pay and with the full benefits he would have, had he not been discriminated against by Defendant, or in lieu of reinstatement, award him front pay.

E.     Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.     Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
*Retaliation Under The FMLA*

70.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-36 above as if set out in full herein.

71.     Plaintiff is an individual entitled to protection under the FMLA.

72.     Plaintiff is an employee within the meaning of the FMLA.

73.     Plaintiff suffered from a serious health condition within the meaning of the FMLA.

74.     Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

75.     Defendant's actions constitute a violation of the FMLA.

76.     As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

     **WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A.     Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights.

B.     Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C.     Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D.     Require Defendant to reinstate Plaintiff to his position at the rate of pay and with the full benefits he would have, had he not been discriminated against by Defendant, or in lieu of reinstatement, award him front pay.

E.     Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.     Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: October 22, 2025                    Respectfully submitted,


**Jason S. Remer, Esq.**
Florida Bar No.: 165580
jremer@rgph.law
**REMER & GEORGES-PIERRE &**
**HOOGERWOERD, PLLC**
2745 Ponce de Leon Blvd.
Coral Gables, FL 33134.
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

***Attorney for Plaintiff.***